B 27 (Official Form 27) (12/13)

# UNITED STATES BANKRUPTCY COURT
__Eastern__ District of __Virginia__

In re __Jason and Dianna Mitchell__,
      *Debtor*

Case No. __15-30850__
Chapter __7__

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: __C&F Finance Co.__

2. Amount of the debt subject to this reaffirmation agreement:
   $ __18,152.19__ on the date of bankruptcy   $ __18,291.37__ to be paid under reaffirmation agreement

3. Annual percentage rate of interest:   __19.99__ % prior to bankruptcy
   __19.99__ % under reaffirmation agreement ( __X__ Fixed Rate ___ Adjustable Rate)

4. Repayment terms (if fixed rate): $ __471.90__ per month for __62__ months

5. Collateral, if any, securing the debt:   Current market value: $_____
   Description: __2010 Nissan Maxima__

6. Does the creditor assert that the debt is nondischargeable? ___ Yes __✓__ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

**Debtor's Schedule I and J Entries**

7A. Total monthly income from $ __3,762.25__
    Schedule I, line 12

8A. Total monthly expenses $ __3,797.25__
    from Schedule J, line 22

9A. Total monthly payments on $ __0__
    reaffirmed debts not listed on
    Schedule J

**Debtor's Income and Expenses as Stated on Reaffirmation Agreement**

7B. Monthly income from all $ __3,762.25__
    sources after payroll deductions

8B. Monthly expenses $ __3,797.25__

9B. Total monthly payments on $ __0__
    reaffirmed debts not included in
    monthly expenses

10B. Net monthly income $ __(35.00)__
     (Subtract sum of lines 8B and 9B from
     line 7B. If total is less than zero, put the
     number in brackets.)

B27 (Official Form 27) (12/13)                              Page 2

11. Explain with specificity any difference between the income amounts (7A and 7B):

    _____
    _____

12. Explain with specificity any difference between the expense amounts (8A and 8B):

    _____
    _____

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____      _____
Signature of Debtor (only required if               Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                               required if line 11 or 12 is completed)

**Other Information**

☐    Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:

_____
_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
_____Yes           _____No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
_____Yes           _____No

**FILER'S CERTIFICATION**

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

                                       _Laura Tucker_____
                                       Signature

                                       _Laura Tucker_____ /Creditor
                                       Print/Type Name & Signer's Relation to Case

**B240A/B ALT (Form 240A/B ALT) (Reaffirmation Agreement) (12/11)**

☒ Presumption of Undue Hardship
☐ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT
### Eastern District of Virginia

In re Jason and Dianna Mitchell,    Case No. 15-30850
       Debtor                        Chapter 7

## REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)
☒ Part B: Reaffirmation Agreement
☒ Part C: Certification by Debtor's Attorney
☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement
☐ Part E: Motion for Court Approval

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. **Note also:** If you complete Part E, you must prepare and file Form 240C ALT - Order on Reaffirmation Agreement.]*

**Name of Creditor:** C&F Finance Co.

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

**1. DISCLOSURE STATEMENT**

***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:***

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm:    $18,291.37

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

**Form 240A/B ALT - Reaffirmation Agreement (Cont.)**  2

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

  a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

  (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

  *--- And/Or ---*

  (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%.  If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

  $_____ @ _____%;
  $_____ @ _____%;
  $_____ @ _____%.

  b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

  (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____%.

  *--- And/Or ---*

  (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _19.99___%.  If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

**Form 240A/B ALT - Reaffirmation Agreement (Cont.)**  3

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

    c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

    d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 2010 Nissan Maxima<br>1N4AA5AP6AC827484 | $19,554.00 |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $ 471.90_____ is due on  04/18/15  (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

— *Or* —

Your payment schedule will be: _____(number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ ( week, month, etc.), unless altered later by mutual agreement in writing.

— *Or* —

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

    **2. INSTRUCTIONS AND NOTICE TO DEBTOR**

**Form 240A/B ALT - Reaffirmation Agreement (Cont.)**                                                4

  **Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

  1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

  2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

  3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

  4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

  5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

  6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

  7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**Form 240A/B ALT - Reaffirmation Agreement (Cont.)**                                    5

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**Form 240A/B ALT - Reaffirmation Agreement (Cont.)**                                    6

**PART B: REAFFIRMATION AGREEMENT.**

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:
   Purchase Agreement for a 2010 Nissan Maxima with payments in the amount of $471.90 @19.99%.

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

| Borrower: | Accepted by creditor: |
|---|---|
| Jason Mitchell | C&F Finance Co. |
| (Print Name) | (Printed Name of Creditor) |
| _[signature]_ | POB 2129 Richmond, VA 23218 |
| (Signature) | (Address of Creditor) |
| Date: 4-27-15 | _[signature]_ |
|  | (Signature) |
|  | Laura Tucker, Bankruptcy Administrator |
| Co-borrower, if also reaffirming these debts: | (Printed Name and Title of Individual Signing for Creditor) |
| Dianna Mitchell |  |
| (Print Name) |  |
| _[signature]_ | Date of creditor acceptance: |
| (Signature) | 5/18/15 |
| Date: 4-27-15 |  |

**Form 240A/B ALT - Reaffirmation Agreement (Cont.)**                                  7

### PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☑ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. ~~In my opinion, however, the debtor is able to make the required payment.~~ No opinion of Debtors ability to pay.

Printed Name of Debtor's Attorney: _PIA Nortz_

Signature of Debtor's Attorney: _[signature]_

Date: _4/27/2015_

**Form 240A/B ALT - Reaffirmation Agreement (Cont.)**                                          8

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 **and** your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 3,762.25 and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 3,792.25 leaving $ 0 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____

_____

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____(Debtor signature)_____
          (Debtor)
          _____(Joint Debtor signature)_____
          (Joint Debtor, if any)
Date:   4-27-15

— Or —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
          (Debtor)

          _____
          (Joint Debtor, if any)
Date:   _____

LAW° 553-VA-ARB-eps 4/10

## RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

Dealer Number __41942__    Contract Number __3013323__    05/04/2014

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| DIANNA GRAVES MITCHELL<br>10502 ROYAL CRESCENT WAY<br>Richmond           VA  23236<br>(804)617-1361          Chesterfield | JASON RYAN MITCHELL<br>10502 ROYAL CRESCENT W<br>Richmond           VA  23236<br>                     Chesterfield | VA CARS INC<br>101 RUTHERS RD<br>RICHMOND         VA   23235<br>(804)272-1481 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| Used | 2010 | Nissan Maxima | 1N4AA5AP6AC827484 | [X] personal, family or household<br>[ ] business<br>[ ] agricultural |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 0.00 is |
|---|---|---|---|---|
| 19.99 % | $ 14,422.80 | $ 19,554.00 | $ 33,976.80 | $ 33,976.80 |

Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| | | Monthly beginning |
| Or As Follows: 72 | $471.90 | 06/18/2014   Monthly |

**WARRANTIES SELLER DISCLAIMS**
Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose. Any implied warranties arising from a written warranty or service contract are limited to the duration of such written warranty or service contract.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

Late Charge. If payment is not received in full within __7__ days after it is due, you will pay a late charge of __5.__ % of the part of the payment that is late.
Prepayment. If you pay off all your debt early, you will not have to pay a penalty.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about non-payment, default, any required repayment in full before the scheduled date and security interest.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**VSI and Optional Insurance**
Choice of Insurer. If vendor's single interest insurance is required (as indicated below), or if you desire optional insurance, such as credit life insurance or credit disability insurance, you have the right to use alternative coverage or to buy insurance elsewhere from the agent or insurer of your choice. You may also buy required physical damage insurance from the agent or insurer of your choice. Your choice of agent or insurer will not affect our decision to extend credit or your credit terms.

[X] VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ __50.00__ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract. See above for more information.

Buyer Signs (X) _[signature]_  Co-Buyer Signs X _[signature]_          LAW 553-VA-ARB-eps 4/10 v1    Page 1 of 5

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Price (including $ __746.48__ sales tax)  $ __19,009.55__ (1)
2. Total Downpayment =
   Trade-In __2005__ __Chevrolet__ __Equinox__
       (Year)    (Make)    (Model)

   | | | |
   |---|---|---|
   | Gross Trade-In Allowance | $ | 6,100.00 |
   | Less Pay Off Made By Seller | $ | 6,100.00 |
   | Equals Net Trade In | $ | 0.00 |
   | + Cash | $ | 0.00 |
   | + Other | $ | 0.00 |

   (If total downpayment is negative, enter "0" and see 4I below)  $ __0.00__ (2)
3. Unpaid Balance of Cash Price (1 minus 2)  $ __19,009.55__ (3)
4. Other Charges including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):

   A. Cost of Optional Credit Insurance
      Paid to Insurance Company or Companies.
      Life __N/A__ $ 0.00
      Disability __N/A__ $ 0.00  $ __0.00__
   B. Vendor's Single Interest Insurance
      Paid to Insurance Company(ies).  $ __50.00__
   C. Other Optional Insurance Paid to Insurance Company or Companies  $ __0.00__
   D. Optional Gap Contract  $ __0.00__
   E. Official Fees Paid to Government Agencies  $ __0.00__
      1) to __State of VA__ for __Gross Receipt Tax__  $ __34.70__
      2) to _____ for _____  $ __0.00__
      3) to _____ for _____  $ __0.00__
   F. Government Taxes Not Included in Cash Price  $ __0.00__
   G. Government License and/or Registration Fees  $ __40.75__
   H. Government Certificate of Title Fees  $ __10.00__
   I. Other Charges (Seller must identify who is paid and describe purpose.)
      1) to __WELLS FARGO__ for __Prior Credit or Lease Balance__  $ __0.00__
      2) to _____ for __DMV Filing Fee__  $ __10.00__
      3) to __N/A__ for __N/A__  $ __0.00__
      4) to __Dealer__ for __Admin/Doc Fee__  $ __399.00__
      5) to __Dealer__ for __Inspection__  $ __0.00__
      6) to _____ for __Unemployment ins__  $ __0.00__
      7) to _____ for __Pre-Delivery Fee__  $ __0.00__
      8) to _____ for __N/A__  $ __0.00__

   Total Other Charges and Amounts Paid to Others on Your Behalf  $ __544.45__ (4)
5. Amount Financed (3 + 4)  $ __19,554.00__ (5)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before _____, Year _____. SELLER'S INITIALS _____

**NO COOLING OFF PERIOD**
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term __72__ Mos.    __Classic__
                                          Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _____

Buyer Signs X _Deonna hott_ Co-Buyer Signs X _____

---

Insurance. You may buy the physical damage Insurance this contract requires from anyone you choose who is authorized to sell such insurance in Virginia. Your choice will not affect our decision to extend credit or the terms of this contract. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest insurance is required is checked on Page 1.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the Insurance you want and sign below:**
**Optional Credit Insurance**

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:
Credit Life $ __N/A__
Credit Disability $ __N/A__
Insurance Company Name
    __N/A__
Home Office Address

Credit life insurance and credit disability insurance are not required to obtain credit. You have the right to use alternate coverage or buy such insurance elsewhere. Your choice of insurer will not affect our decision to extend credit or the terms of this contract. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit Disability Insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**

☐ _____    N/A
    Type of Insurance    Term
Premium $ __0.00__
Insurance Company Name
    N/A
Home Office Address

☐ _____
    Type of Insurance    Term
Premium $ _____
Insurance Company Name

Home Office Address

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost. Your choice of insurer will not affect our decision to extend credit or the terms of this contract.
I want the insurance checked above.

X _____
Buyer Signature     Date
X _____
Co-Buyer Signature     Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE.**

Returned Check Charge: If any check you give us is dishonored, we may, at our option, charge you $ __50__

LAW 553-VA-ARB-eps 4/10 v1      Page 2 of 5

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure the Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.
   e. **Your right to refinance a balloon payment.** A balloon payment is any payment other than a down payment that is more than 10% greater than the regular or recurring installment payments. If you use the vehicle primarily for consumer purposes, you have the right to refinance a balloon payment over an extended period with additional payments. The additional periodic payments will not be more than 10% greater than the regularly scheduled installment payments.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
      You give us a security interest in:
      * The vehicle and all parts or goods put on it;
      * All money or goods received (proceeds) for the vehicle;
      * All insurance, maintenance, service, or other contracts we finance for you; and
      * All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

   This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.
   d. **Insurance you must have on the vehicle.**
      You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge equal to the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits.
      If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
      If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
      * You pay any payment (plus any late charges) more than 10 days late or not at all;
      * You give us false, incomplete, or misleading information on a credit application;
      * You start a proceeding in bankruptcy or one is started against you or your property; or
      * You break any agreements in this contract.
      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows. You will also pay any collection costs we incur as the law allows.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

Buyer Signs X _____ Co-Buyer Signs X _____   LAW 553-VA-ARB-ops 4/10 v1   Page 3 of 5

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. **What we may do about optional insurance, maintenance, service or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

5. **Servicing and Collection Contacts.**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

6. **Applicable Law**
Federal law and the law of the state of our address shown on page 1 of this contract apply to this contract.

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract, along with all other documents signed by you in connection with the purchase of the vehicle, comprise the entire agreement between you and us affecting this purchase. No oral agreements or understandings are binding. Upon assignment of this contract: (i) only this contract and addenda to this contract comprise the entire agreement between you and the assignee relating to this contract; (ii) any change to this contract must be in writing and the assignee must sign it; and (iii) no oral changes are binding. Buyer Signs (X) _____ Co-Buyer Signs (X) _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See the rest of this contract for other important agreements.

## NO LIABILITY INSURANCE INCLUDED

**NOTICE TO RETAIL BUYER:** Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration clause on page 5, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs (X) _____ Date 05/04/2014    Co-Buyer Signs (X) _____ Date 05/04/2014

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ Address _____
Seller signs  VA CARS INC _____ Date 05/04/2014  By X _____ Title _____

Seller assigns its interest in this contract to **C&F FINANCE COMPANY** _____ (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse        ☑ Assigned without recourse        ☐ Assigned with limited recourse

Seller  VA CARS INC  By _____ Title _____

Buyer Signs (X) _____ Co-Buyer Signs (X) _____       LAW 553-VA-ARB-eps 4/10 v1    Page 4 of 5

**ARBITRATION CLAUSE**

**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable.

Buyer Signs X_____  Co-Buyer Signs X_____

LAW® FORM NO. 553-VA-ARB-eps (REV. 4/10)  U.S. PATENT NO. D480,782
© 2010 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

LAW 553-VA-ARB-eps 4/10 v1    Page 5 of 5



**ANY ALTERATIONS OR ERASURE WILL VOID THIS CERTIFICATE OF TITLE AND IT MUST THEN BE SURRENDERED TO SECURE A REPLACEMENT.**

**PURCHASER MUST SECURE A NEW TITLE, OR SURRENDER THIS ONE TO DMV WITHIN 30 DAYS OF SALE DATE.**

Federal and state law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

### B — DEALER REASSIGNMENT

I am aware of the dealer's odometer certification. Date of Sale _____ Sale Price _____

Buyer(s) Printed Name _____ Buyer(s) Signature _____

Buyer(s) Address _____ City _____ State _____ Zip Code _____

ODOMETER READING (No tenths): _____

I certify to the best of my knowledge that the odometer reading is:
☐ ACTUAL Mileage ☐ NOT ACTUAL Mileage (odometer discrepancy) ☐ IN EXCESS of Mechanical Limits
☐ Model year is 10 years or older and was exempt from odometer disclosure in prior state of title (applicant must present out-of-state title showing exemption)

Dealer(s) Signature _____ Dealer(s) Printed Name _____ Dealer Number _____ Licensing Jurisdiction _____

The dealer certifies that the vehicle described in this title was transferred to the above buyer and that the odometer reading has been disclosed to the buyer.

### C — DEALER REASSIGNMENT

I am aware of the dealer's odometer certification. Date of Sale _____ Sale Price _____

Buyer(s) Printed Name _____ Buyer(s) Signature _____

Buyer(s) Address _____ City _____ State _____ Zip Code _____

ODOMETER READING (No tenths): _____

I certify to the best of my knowledge that the odometer reading is:
☐ ACTUAL Mileage ☐ NOT ACTUAL Mileage (odometer discrepancy) ☐ IN EXCESS of Mechanical Limits
☐ Model year is 10 years or older and was exempt from odometer disclosure in prior state of title (applicant must present out-of-state title showing exemption)

Dealer(s) Signature _____ Dealer(s) Printed Name _____ Dealer Number _____ Licensing Jurisdiction _____

The dealer certifies that the vehicle described in this title was transferred to the above buyer and that the odometer reading has been disclosed to the buyer.

### D — PERSONAL PROPERTY TAX RELIEF

**DOES YOUR VEHICLE QUALIFY FOR CAR TAX RELIEF?**

If you can answer YES to any of the following questions, your motor vehicle is considered by State Law to have a business use and does NOT qualify for Personal Property Tax Relief.
- Is more than 50% of the vehicle's annual mileage used as a business expense for federal income tax purposes OR reimbursed by an employer?
- Is more than 50% of the depreciation associated with the vehicle deducted as a business expense for Federal Income Tax purposes?
- Is the cost of the vehicle expensed pursuant to Section 179 of the Internal Revenue Service Code?
- If the vehicle is leased by an individual, does the leasing company pay the tax without reimbursement from the individual?

This vehicle is for ☐ Personal Use ☐ Business Use   Check one of the boxes.   See business use criteria above.

### E — LIEN INF.

LIENOR'S NAME _____ LIENOR CODE _____ DATE OF LIEN _____

ADDRESS _____ CITY _____ STATE _____ ZIP _____

### F

VEHICLE COLOR: _____ REGISTRATION PERIOD: ☐ One Year ☐ Two Years ($2 discount applies)

### APPLICATION FOR REGISTRATION (LICENSE PLATES ISSUED)

**INSURANCE CERTIFICATION:** A vehicle must be insured with liability coverage when it is registered, and it must remain insured while registered, whether or not it is operated, OR the uninsured motor vehicle fee must be paid. Penalties are severe for violation of this requirement.

I/We certify that (check one):

☐ This vehicle is insured by a liability policy issued through an insurance company licensed to do business in Virginia and it will remain insured while registered, whether or not it is operated.

☐ This vehicle is not insured; therefore, I am remitting the applicable uninsured motor vehicle fee. (This fee provides no insurance coverage.)

**POWER OF ATTORNEY FOR NON-RESIDENT(S) AND CORPORATION(S) NOT DOMICILED IN VIRGINIA:** Pursuant to the provisions of Virginia Code §46.2-601, I/we appoint the Commissioner of the Department of Motor Vehicles of the Commonwealth of Virginia, to be my/our true and legal agent upon whom all legal processes against me/us may be served in any legal proceeding arising from the operation and/or use of any motor vehicle registered in my/our name(s) in the Commonwealth of Virginia. I/we agree that any lawful process or notice to me/us which is served on the Commissioner shall have the same legal effect as if served on me/us within the Commonwealth of Virginia.

**PRIVACY NOTICE:** The information, including Social Security Number, is requested in accordance with Virginia Code §§46.2-623 and 46.2-629. Any person who refuses to supply the required information will be denied a certificate of title and/or registration. Title and registration records may be disseminated in accordance with §§46.2-208 through 46.2-214, to business, law enforcement or authorized government entities.

### G — CERTIFICATION OF BUYER

**CERTIFICATION**

NO PAPER TITLE - Check this box ☐ If you do not want a paper title issued to you. An electronic Certificate of Title will remain on the file for this vehicle at DMV.

If this application is for joint ownership, do you wish clear rights of ownership to be transferred to the surviving owner in the event of the death of either the owner or co-owner?   ☐ YES   ☐ NO

Are any of the vehicle owners on active military duty or service?   ☐ YES   ☐ NO

I/We certify and affirm under penalty of perjury that the information contained in this application is true and correct to the best of my/our knowledge. I/We understand it is unlawful to knowingly make a false statement and any violation may be prosecuted as a felony as provided in Virginia law.

SIGNATURE OF APPLICANT _____ DATE _____

SOCIAL SECURITY NUMBER/FEIN OF APPLICANT _____

SIGNATURE OF CO-APPLICANT _____ DATE _____

SOCIAL SECURITY NUMBER/FEIN OF CO-APPLICANT _____

STREET ADDRESS _____

CITY _____ STATE _____ ZIP _____

VEHICLE PRINCIPALLY GARAGED IN CITY, TOWN, COUNTY OR STATE OF
☐ CITY OR TOWN OF _____   ☐ COUNTY OF _____

**DMV USE ONLY**

SALE PRICE $ _____
BEFORE TRADE IN ALLOWANCE

TAX $ _____ (MINIMUM TAX MAY APPLY)

TITLE FEE $ _____

TRANSFER FEE $ _____

REG FEE $ _____

WT INCREASE FEE $ _____

PERSONALIZED PLATE FEE $ _____

UMV FEE $ _____

OTHER $ _____

TOTAL $ _____

**WITH LIEN**
☐ YES   ☐ NO

Proof of Address (specify proof document presented)

**CLERK STAMP**

Reassignment Form, Control No., (If applicable) _____

VSA3L (REV. 11/12)